IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EQUITY ANALYTICS, LLC, operating as EQUITY METHODS<br><br>Plaintiffs,<br><br>v.<br><br>TIMOTHY D. LUNDIN,<br><br>Defendant. | FILED<br>NOV - 8 2007<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT<br><br>CIVIL ACTION NO: 07 2033 |

## ORDER

AND NOW, this 8th day of November 2007, upon consideration of the submissions of record and having determined that:

1. Equity Analytics, LLC has demonstrated a substantial likelihood of success on the merits of its claims;

2. The rights of Equity Analytics, LLC with respect to its property, proprietary and confidential information, competitive interests, and the <u>Non-Disclosure, Assignment of Intellectual Property and Non-Competition Agreement</u> executed by Defendant Timothy D. Lundin ("Lundin") are being and will continue to be violated by Lundin unless he is restrained therefrom;

3. Equity Analytics, LLC will suffer irreparable harm and loss if Lundin is permitted to: (a) convert the property of Equity Analytics, LLC to his own personal use and benefit, and/or that of his new employer, Equity Administration Solutions, Inc., (EASI), and (b) solicit Equity Analytics, LLC accounts, clients, and customers;

    4.    Equity Analytics, LLC has no adequate remedy at law; and

    5.    Greater injury will be inflicted upon Equity Analytics, LLC by the denial of temporary injunctive relief than would be inflicted upon Lundin by the granting of such relief.

**IT IS HEREBY ORDERED AND DECREED THAT:**

    (1)    A Temporary Restraining Order issue immediately and that security in the amount of $ _1,000.00_ be posted no later than the _9th_ day of November, 2007.

    (2)    Lundin will be immediately enjoined and restrained, directly and indirectly, whether alone or in concert with others, including any officer, agent, employee, and/or representative of EASI, until hearing and thereafter until further Order of this Court, from doing any of the following:

    (a)  soliciting or otherwise initiating any further contact or communication with any client of Equity Analytics, LLC whom Lundin served or whose name became known to Lundin while in the employ of Equity Analytics, LLC for the purpose of advising said clients of his new affiliation or for the purpose of inviting, encouraging or requesting the transfer of any accounts or business patronage from Equity Analytics, LLC;

    (b)  accessing or attempting to access Equity Analytics, LLC's data on Salesforce.com for any purpose;

    (c)  using, disclosing, or transmitting for any purpose, including the solicitation of business or account transfers, the information contained in the records of Equity Analytics, LLC; and

(d) destroying, erasing, or otherwise making unavailable for further proceedings in this matter, any records or documents (including data or information maintained in computer media) in Lundin's possession or control which were obtained from or contain information derived from any Equity Analytics, LLC records, which pertain to Equity Analytics. LLC clients, or which relate to any of the events alleged in the Complaint in this action.

(3) Lundin, and anyone acting in concert or participation with Lundin, specifically including Lundin's counsel and any agent, employee, officer or representative of Lundin, are further ordered to return to Equity Analytics, LLC's Pennsylvania counsel any and all records, documents and/or other types of information pertaining to Equity Analytics, LLC customers ("Customer Information"), whether in original, copied, handwritten, computerized (including computer software, disks, computer hard drive and/or any other type of computer or digital information storage device) or memorialized in any other form, within twenty-four (24) hours of notice to Lundin or his counsel of the terms of this Order;

(4) Any and all Customer Information within the possession, custody or control of Lundin that is contained in any computerized form, including on computer software, disks, computer hard drive, and/or any other type of computer or digital information storage device, returned pursuant to paragraph 3 above shall be permanently deleted by an Equity Analytics, LLC representative. Such Customer Information shall be permanently deleted, if possible without affecting any other information or software on the computer. Lundin, and anyone acting in concert with Lundin, is precluded from

reconstituting or in any way restoring any Customer Information deleted pursuant to this paragraph and returned to Equity Method, LLC pursuant to paragraph 3 above;

(5) Lundin will allow Equity Analytics, LLC's computer forensic expert to make forensic images of his home and/or business computers beginning at 9:00 a.m. on November __, 2007 and until said computers are made available to Equity Analytics, LLC neither Lundin nor anyone else (including the members of his family) shall use or access said computers. The review of these images will be limited to confirming: (a) whether and when Defendant accessed Equity Analytics, LLC's confidential customer data and/or trade secrets referenced in Equity Analytics LLC's TRO papers; (b) whether the data has been forwarded to or used by Equity Administration Solutions, Inc. ("EASI") in any form; and (c) whether any such data were deleted, purged, or overwritten. To the extent any of the information may not have been permanently deleted, or it still resides or is somehow accessible on said computers, it will be deleted, but not until Equity Analytics, LLC has been able to image said computers. (5)

(6) The Court's Order remain in full force and effect until such time as either a request for preliminary injunctive relief is granted or this Court specifically orders otherwise;

(7) The parties are granted leave to commence discovery immediately in aid of preliminary injunction proceedings before this Court; and

(8) Lundin shall show cause before this Court on the 16Th day of Nov., 2007 at 11 o'clock A.m., or as soon thereafter as counsel may be heard, why a Preliminary Injunction should not be ordered according to the terms and conditions set forth above. Any motion to dissolve this order will also be heard at that time.

This order is issued this __8th__ day of November, 2007 at __5:30__ o'clock in the __p__.m.

BY THE COURT:

_____
United States District Judge