IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

_____
                                                    )
**Equity Analytics, LLC,**                         )
**operating as Equity Methods,**                   )
                                                    )
      **Plaintiff,**                              )
v.                                                  )   Civil Action No: 07-2033
                                                    )   (RCL/JMF)
**Timothy D. Lundin,**                             )
                                                    )
      **Defendant.**                              )
_____)


**DEFENDANT TIMOTHY D. LUNDIN'S ANSWER TO PLAINTIFF EQUITY ANALYTICS, LLC'S COMPLAINT**

    Defendant Timothy D. Lundin, by and through his undersigned counsel and pursuant to Rule 12(a) of the Federal Rules of Civil Procedure and Judge Lamberth's Stipulated Orders of November 28, 2007 and December 20, 2007, respectfully submits his Answer, by corresponding paragraph numbers, to the Complaint filed by Plaintiff Equity Analytics, LLC. For convenience, Defendant uses the same headings used by Plaintiff in the Complaint.

**INTRODUCTION**

    1. Defendant admits the first sentence in paragraph 1. Defendant is without knowledge sufficient to admit or deny the remaining allegations in paragraph 1.

    2. Defendant admits the allegations contained in paragraph 2.

    3. Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

    4. Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

## **THE FACTS**

Defendant repeats and realleges his responses to paragraphs 1 through 4, as if fully set forth.

5. Defendant is without knowledge sufficient to admit or deny the allegations contained in paragraph 5.

6. Defendant denies the allegations contained in paragraph 6.

7. Defendant denies the allegations contained in paragraph 7.

8. To the extent that paragraph 8 purports to restate the contents of a document, Defendant responds that the document is the best evidence of its content and, thus, no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 8.

9. Defendant denies the allegations contained in paragraph 9.

10. Defendant denies the allegations contained in paragraph 10.

11. Defendant denies the allegations contained in paragraph 11.

12. Defendant denies the allegations contained in paragraph 12.

13. Defendant is without knowledge sufficient to admit or deny the allegations contained in paragraph13.

14. Defendant is without knowledge sufficient to admit or deny the allegations contained in paragraph14.

15. Defendant admits the allegations contained in paragraph 15.

16. There is no paragraph 16 in the Complaint.

17. Defendant admits the allegations contained in paragraph 17.

18. Defendant admits the allegations contained in paragraph 18.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant denies the allegations contained in paragraph 20(a), (b), (d), and (e). Defendant admits the allegations contained in paragraph 20(c). Defendant denies all other allegations contained in paragraph 20.

21. Defendant denies the allegations contained in paragraph 21.

22. Defendant denies the allegations contained in paragraph 22.

## COUNT I – INJUNCTIVE RELIEF

Defendant repeats and realleges his responses to paragraphs 1 through 22, as if fully set forth.

23. The allegations contained in paragraph 23 are characterizations of Plaintiff's claims to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 23.

24. The allegations contained in paragraph 24 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 24.

25. The allegations contained in paragraph 25 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 25.

26. The allegations contained in paragraph 26 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 26.

## COUNT II – BREACH OF CONTRACT

Defendant repeats and realleges his responses to paragraphs 1 through 26, as if fully set forth.

27. The allegations contained in paragraph 27 are characterizations of Plaintiff's claims to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 27.

28. The allegations contained in paragraph 28 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 28.

29. The allegations contained in paragraph 29 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 29.

30. The allegations contained in paragraph 30 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 30.

## **COUNT III – MISAPPROPRIATION OF TRADE SECRETS**

Defendant repeats and realleges his responses to paragraphs 1 through 30, as if fully set forth.

31. The allegations contained in paragraph 31 are characterizations of Plaintiff's claims to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 31.

32. The allegations contained in paragraph 32 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 32.

33. The allegations contained in paragraph 33 are characterizations of Plaintiff's claims to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 33.

34. The allegations contained in paragraph 34 are conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in paragraph 34.

35. The allegations contained in paragraph 35 are conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in paragraph 35.

36. The allegations contained in paragraph 36 are conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in paragraph 36.

37. The allegations contained in paragraph 37 are conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in paragraph 37.

38. The allegations contained in paragraph 38 are conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in paragraph 38.

39. The allegations contained in paragraph 39 are conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in paragraph 39.

**COUNT IV – CONVERSION OF CONFIDENTIAL BUSINESS INFORMATION**

Defendant repeats and realleges his responses to paragraphs 1 through 39, as if fully set forth.

40. The allegations contained in paragraph 40 are characterizations of Plaintiff's claims to which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in paragraph 40.

41. The allegations contained in paragraph 41 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 41.

42. The allegations contained in paragraph 42 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 42.

## COUNT V – BREACH OF DUTY OF LOYALTY

Defendant repeats and realleges his responses to paragraphs 1 through 42, as if fully set forth.

43. The allegations contained in paragraph 43 are characterizations of Plaintiff's claims to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 43.

44. The allegations contained in paragraph 44 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 44.

45. The allegations contained in paragraph 45 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 45.

## COUNT VI – UNFAIR COMPETITION

Defendant repeats and realleges his responses to paragraphs 1 through 45, as if fully set forth.

46. The allegations contained in paragraph 46 are characterizations of Plaintiff's claims to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 46.

47. The allegations contained in paragraph 47 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 47.

48. Defendant assumes that the reference to Defendant in paragraph 48 is a typographical error and that Plaintiff intended to refer to itself. Accordingly, the allegations contained in paragraph 48 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 48.

## COUNT VII – VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030

Defendant repeats and realleges his responses to paragraphs 1 through 48, as if fully set forth.

49. The allegations contained in paragraph 49 are characterizations of Plaintiff's claims to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 49.

50. The allegations contained in paragraph 50 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 50.

51. The allegations contained in paragraph 51 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 51.

52. The allegations contained in paragraph 52 are conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 52.

## GENERAL DENIAL

Defendant denies each and every allegation of fact, conclusion of law, or other matter contained in the Complaint that has not been specifically admitted herein. Defendant further denies that he is liable to Plaintiff under any theory of law or fact.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses:

1. Plaintiff's Complaint fails, in whole or in part, to allege sufficient ultimate facts upon which relief can be granted, and, accordingly, it muse be dismissed for failure to state a claim upon which relief can be granted.

2. Defendant did not breach any duty owed to Plaintiff.

3. Plaintiff did not sustain injuries or damages for which they may recover from Defendant.

4. Plaintiff's claims are barred in whole or in part by Plaintiff's own negligence.

5. Defendant reserves the right to amend his Answer to the Complaint, to add other defenses, to delete or withdraw defenses, and to add counterclaims as they may become necessary after reasonable opportunity for appropriate discovery.

## PRAYERS FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court enter an Order:

1. Dismissing the Complaint with prejudice;

2. Denying all relief sought by the Complaint;

3. Awarding attorneys' fees and costs to Defendant; and

4. Providing for such other relief as the Court may deem appropriate.

Respectfully submitted,


/s/__Robert B. Fitzpatrick_____
Bar No. 040410
Robert B. Fitzpatrick, PLLC
Universal Building South
Suite 640
1825 Connecticut Avenue, N.W.
Washington, D.C. 20009-5728
Phone: 202-588-5300
Fax: 202-588-5023
Email: Fitzpatrick.law@verizon.net

Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that: on this 29th day of January, 2008, I electronically filed the foregoing DEFENDANT TIMOTHY D. LUNDIN'S ANSWER TO PLAINTIFF EQUITY ANALYTICS, LLC's COMPLAINT, by using the CM/ECF system, which will, in turn, send a notice of electronic filing to the following Counsel of Record for Plaintiff Equity Analytics, LLC:

        Robert T. Shaffer, III Esquire
        Bar No. 04074
        Murphy & Shaffer LLC
        36 S. Charles Street
        Suite 1400
        Baltimore, Maryland 21201
        Phone: 410-783-7000
        Fax: 410-783-8823
        Email: rshaffer@murphyshaffer.com

        Joseph J. McAlee, Esq.
        Rubin Fortunato
        MCS Building
        10 South Leopard Road
        Paoli, Pennsylvania 19301
        Phone: (610) 408-2004
        Fax: (610) 854-4317
        Email: jmcalee@rubinfortunato.com

        Attorneys for Plaintiff

        /s/__Robert B. Fitzpatrick_____
        Bar No. 040410
        Robert B. Fitzpatrick, PLLC
        Universal Building South
        Suite 640
        1825 Connecticut Avenue, N.W.
        Washington, D.C. 20009-5728
        Phone: 202-588-5300
        Fax: 202-588-5023
        Email: Fitzpatrick.law@verizon.net

        Attorney for Defendant