**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**Equity Analytics, LLC, operating as Equity Methods,**

**Plaintiff,**

**v.**

**Timothy D. Lundin,**

**Defendant.**

**Civil Action No: 07-2033 (RCL/JMF)**

**RULE 26(f) REPORT**

Plaintiff Equity Analytics, LLC ("Equity Analytics" or "Plaintiff") and defendant Timothy D. Lundin ("Lundin" or "Defendant") submit this Report pursuant to Federal Rule 26(f) and LCvR 16.3.

(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

**Report: Plaintiff reserves its right to file a motion for summary judgment at the close of discovery. Defendant has advised Plaintiff that he intends to file a Motion to Dismiss or, alternatively, for Summary Judgment within the next 10 calendar days. In addition, Defendant has advised Plaintiff that he intends to move to vacate the TRO.**

(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

**Report: Plaintiff is engaged in active settlement discussions with defendant's former employer, Equity Administration Solutions, Inc. (EASI), who may be joined as a party defendant depending on the outcome of those discussions. EASI has recently retained new counsel, which has delayed those settlement discussions. Plaintiff expects to have further discussions with EASI's new counsel sometime next week. Plaintiff believes that its ability to resolve this matter with the defendant will depend, in part, on the outcome of its discussions with EASI.**

**The parties respectfully request that the Court set a deadline for joinder of all parties and amendment of the pleadings 60 days from the date of issuance of the Scheduling Order.**

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

**Report:  No**.

(4) Whether there is a realistic possibility of settling the case.

**Report:  The parties are optimistic about the prospects for settlement, but any such settlement will depend upon EASI's participation.**

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

**Report:   The parties are already exploring possible resolution of this matter. Although they remain open to participating in some other form of alternative dispute resolution at a later date should those efforts prove to be unsuccessful, they respectfully request that the Court not order ADR until such time as the parties have exhausted their ongoing efforts to resolve this matter privately, and then only upon request by the parties.**

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

**Report:   Defendant contends that Plaintiff's case is subject to dismissal and summary judgment, and has advised Plaintiff that he intends to file a Motion to Dismiss or, alternatively, for Summary Judgment within the next 10 calendar days. In addition, Defendant has advised Plaintiff that he intends to move to vacate the TRO.  Plaintiff has also reserved its right to file dispositive motions.**

**The parties respectfully request that the Court set a dispositive motions deadline 30 days after the close of all fact and expert discovery, with responses and reply memoranda to be filed in accordance with the Court's Local Rules.**

(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

**Report:   Yes. The parties respectfully request that this action be exempted from initial disclosures.**

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

**Report: Plaintiff believes that it is difficult to fully evaluate the length of discovery or exactly what forms of discovery will be necessary until such time as the Court resolves the parties' pending dispute over the nature and extent of a forensic examination of Defendant's computer and computer hard drives. That issue has been fully briefed. At this time, the parties estimate that they will need approximately 90-120 days after issuance of the Scheduling Order to complete discovery, excluding expert depositions.**

(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

**Report: The parties respectfully request that the deadline for expert depositions be set for 30 days after the close of all other discovery.**

(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

**Report: Not applicable.**

(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

**Report: No request for bifurcation is made at this time.**

(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

**Report: October 2008.**

(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

**Report: The parties request that the Court establish a firm trial date at the scheduling conference.**

(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

**Report: None at this time. A proposed form scheduling order is attached.**

Respectfully submitted,

MURPHY & SHAFFER LLC

/s/ *Robert T. Shaffer, III*
Robert T. Shaffer, III, Esquire
Bar No. 04074
36 South Charles Street, Suite 1400
Baltimore, Maryland 21201
Phone: (410) 783-7000
Fax: (410) 783-8823
E-mail: rshaffer@murphyshaffer.com

Joseph J. McAlee, Esquire (admitted *pro hac vice*)
Christopher Y. Young, Esquire
RUBIN, FORTUNATO & HARBISON P.C.
10 South Leopard Road
MCS Building
Paoli, Pennsylvania 19301
Phone: (610) 408-2000
Fax: (610) 408-9000
E-mail: jmcalee@rubinfortunato.com

Attorneys for Plaintiff

and

Robert B. Fitzpatrick, PLLC

/s/*Robert B. Fitzpatrick*
Robert B. Fitzpatrick, Esquire
Bar No. 040410
Universal Building South
1825 Connecticut Avenue, N.W.
Suite 640
Washington, D.C. 20009-5728
Telephone: (202) 588-5300
Facsimile: (202) 588-5023
E-mail: fitzpatrick.law@verizon.net

Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **Equity Analytics, LLC,**<br>**operating as Equity Methods,**<br><br>**Plaintiff,**<br>**v.**<br><br>**Timothy D. Lundin,**<br><br>**Defendant.** | ) | **Civil Action No: 07-2033 (RCL/JMF)** |

**SCHEDULING ORDER**

Upon consideration of the parties' Rule 26(f) Report, it is this ___ day of ____________, 2008

ORDERED that the following scheduling deadlines shall apply to this action:

| | |
|---|---|
| Joint Request for Settlement/ADR Conference | April 1, 2008 |
| Motion for Joinder of additional parties and any amendment of the pleadings | April 15, 2008 |
| Plaintiff's Rule 26(a)(2) Disclosure re experts | April 30, 2008 |
| Defendant's Rule 26(a)(2) Disclosure re experts | May 30, 2008 |
| Plaintiff's rebuttal Rule 26(a)(2) Disclosure re experts | June 16, 2008 |
| Rule 26(e)(2) supplementation of disclosures and responses | June 23, 2008 |
| Discovery Deadline (excluding expert depositions) | July 31, 2008 |
| Completion of Expert Depositions | September 3, 2008 |

| | |
|---|---|
| Dispositive Pretrial Motions Deadline | September 30, 2008 |
| Pretrial Conference | October __, 2008 |

______________________________
Hon. Royce C. Lamberth
United States District Judge

Copies to:

Robert T. Shaffer, III
Bar No. 04074
MURPHY & SHAFFER LLC
36 South Charles Street, Suite 1400
Baltimore, Maryland 21201
Phone: (410) 783-7000
Fax: (410) 783-8823
E-mail: rshaffer@murphyshaffer.com

Joseph J. McAlee, Esquire (admitted *pro hac vice*)
Christopher Y. Young, Esquire
RUBIN, FORTUNATO & HARBISON P.C.
10 South Leopard Road
MCS Building
Paoli, Pennsylvania 19301
Phone: (610) 408-2000
Fax: (610) 408-9000
E-mail: jmcalee@rubinfortunato.com

Robert B. Fitzpatrick, Esq.
Bar No. 040410
Robert B. Fitzpatrick, PLLC
Universal Building South
1825 Connecticut Avenue, N.W.
Suite 640
Washington, D.C. 20009-5728
Telephone: (202) 588-5300
Facsimile: (202) 588-5023
E-mail: fitzpatrick.law@verizon.net