### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **Equity Analytics, LLC,** operating as **Equity Methods,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Civil Action No.  07-2033** **(RCL/JMF)** |
| **Timothy D. Lundin,** | ) ) | |
| **Defendant.** | ) ) | |

### DEFENDANT'S SUPPLEMENTAL MEMO RESPECTING IMAGING AND FORENSIC EXAMINATION OF DEFENDANT'S FIVE HARD DRIVES

Defendant wishes to call the Court's attention to the recent analysis of the Court's opinion in *United States v. O'Keefe*, 2008 WL 449729 (D.D.C. February 2008) authored by Mark Foley of Foley & Lardner, LLP, a copy of which is attached hereto and which can be found online at http://wistechnology.com/articles/4585/.

Respectfully submitted,

/s/ Robert B. Fitzptatrick
Robert B. Fitzpatrick
D.C. Bar No. 040410
Robert B. Fitzpatrick, PLLC
Universal Building South
1825 Connecticut Ave., N.W.
Suite 640
Washington, DC 20009
Telephone: (202) 588-5300
Fax: (202) 588-5023
Fitzpatrick.law@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that: on this 3rd day of April, 2008, I electronically filed the

foregoing DEFENDANT'S SUPPLEMENTAL MEMO RESPECTING IMAGING AND

FORENSIC EXAMINATION OF DEFENDANT'S FIVE HARD DRIVES, by using the

CM/ECF system, which will, in turn, send a notice of electronic filing to the following Counsel

of Record for Plaintiff Equity Analytics, LLC:

Robert T. Shaffer, III Esquire
Bar No. 04074
Murphy & Shaffer LLC
36 S. Charles Street
Suite 1400
Baltimore, Maryland 21201
Phone: 410-783-7000
Fax: 410-783-8823
Email: rshaffer@murphyshaffer.com

Joseph J. McAlee, Esq.
Rubin Fortunato
MCS Building
10 South Leopard Road
Paoli, Pennsylvania 19301
Phone: (610) 408-2004
Fax: (610) 854-4317
Email: jmcalee@rubinfortunato.com

Attorneys for Plaintiff

/s/__Robert B. Fitzpatrick_____
Bar No. 040410
Robert B. Fitzpatrick, PLLC
Universal Building South
Suite 640
1825 Connecticut Avenue, N.W.
Washington, D.C. 20009-5728
Phone: 202-588-5300
Fax: 202-588-5023
Email: Fitzpatrick.law@verizon.net
Attorney for Defendant



Reproduction permitted for personal use only. For reprints and reprint permission, contact reprints@wistechnology.com.

DIGITAL LEX

# Expert testimony may be needed for e-discovery keyword searches

**Mark Foley**
March 4, 2008

**Editor's note:** *This is the first in a regular series of Digital Lex columns by Mark F. Foley, a partner in the Milwaukee based law firm, Foley & Lardner, LLP. The column will discuss legal issues of interest to the technology community, including data privacy and security, data retention and destruction, technology transactions, outsourcing, and electronic discovery.*



In February 2008, a U.S. Magistrate Judge issued a decision that may add to the already expensive process of electronic data discovery in litigation. Now expert testimony may be required to determine the adequacy of keyword search terms used to identify and produce electronically stored information, or "ESI."

Corporate information technology staff and in-house lawyers are often forced to undertake the unenviable task of locating, organizing, searching, and producing all ESI relevant to a dispute. Locating and individually reviewing every e-mail sent or received by a potential witness can be exorbitantly expensive, and sometimes impossible to accomplish in the time permitted. The standard answer to this problem has been to conduct electronic keyword searches against the subject line and body text of the e-mails and other ESI.

The keywords used for such searches are selected in varying ways. Sometimes lawyers for a party requesting information will specify keyword searches. Other times, the producing party will attempt to determine the keywords itself. Often, search terms are negotiated or disputed.

## Different priorities

Lawyers, and their clients, may have different goals in mind when developing keyword searches. A requesting party may want to force the opponent to produce a massive amount of data, making the litigation more expensive and increasing the likelihood of settlement. Conversely, a producing party may want to produce massive amounts of data in a difficult form to review, so that the opponent may overlook damaging evidence.

Alternatively, one or both parties may want to locate and produce only the most relevant information, avoiding the need to review large quantities of irrelevant data for privilege, relevancy, and etcetera. Or the parties may not think much about it, with the requesting party asking for search terms developed in an informal brainstorming session and the responding party just looking for whatever the opponent seeks. When the parties disagree about whether a search is sufficiently broad, too narrow, or too expensive to implement, a Magistrate or Judge must decide.

What should the parties expect and how should a judge decide the issue? In *U.S. v. Michael John O'Keefe,* 2008 WL 449729 (D.D.C.), U.S. Magistrate John Facciola ruled that the adequacy of a keyword search:

*"is a complicated question involving the interplay, at least, of the sciences of computer technology, statistics, and linguistics. . . Given this complexity, . . . [t]his topic is clearly beyond the ken of a layman and requires that any such conclusion be based on evidence that, for example, meets the criteria of Rule 702 of the Federal Rules of Evidence."*

Rule 702 is what authorizes the use of expert testimony in Federal cases.

Magistrate Facciola's use of "for example" should mean that while in all cases testimony from *someone* would be required to support a contention that search terms were inadequate, the required testimony could be, but did not have to be, *expert* testimony. The Court banished that sensible approach by explaining:

*"Accordingly, if defendants are going to contend that the search terms used by the government were insufficient, . . . their contention must be based on evidence that meets the requirements of Rule 702 of the Federal Rules of Evidence."*

In other words, expert testimony is mandatory.

Although *O'Keefe* is a criminal case, the Magistrate expressly relied upon cases, standards, and best practice materials relating to discovery of ESI in civil cases. Thus the same rule would apply to common business disputes.

### Limits on discovery

On its face, this decision would mean that a motion to compel broader discovery, or to limit discovery that is too broad, based on the quality of the search terms should be dismissed as a matter of law unless it is supported by the testimony of one or more experts in computer science, statistics, and/or linguistics.

That hardly seems appropriate in all circumstances. For example, if the case involved dogs and only "cats" was used as a search term, the obvious inadequacy of the search should be enough to obtain an order to compel, even without expert testimony. Similarly, a search only for data that included "cats AND dogs" is obviously inadequate where any document or ESI containing either "cats OR dogs" could be relevant.

Although the *O'Keefe* decision goes too far if applied literally and in all cases, it does provide fair warning that expert testimony may be required in some cases. Perhaps all the Magistrate meant is that "*If* scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert *may* testify thereto in the form of an opinion or otherwise." That is the language of Federal Rule of Evidence 702 authorizing the use of opinion testimony by experts.

If the need for expert testimony is based on whether that testimony will in fact assist the trier of fact, Judge Facciola's ruling is not controversial. If he means as he said, that expert testimony **must** be provided in every keyword search dispute, this is new territory and another costly addition to the e-discovery process.

You can find more information about the technical aspects of assessing the adequacy of search terms in George L. Paul & Jason R. Baron, *Information Inflation: Can the Legal System Adapt?*

(available in print at 13 RICH. J.L. & TECH. 10 (2007) and from Westlaw online services) and in recent work published by The Sedona Conference.

## Drawing the line

Where to draw the line as to what search terms are adequate in a given situation is a matter of technical analysis, decided cases, and experience. If you are involved in, or preparing for litigation involving electronically stored information, you should use litigation counsel with in-depth knowledge about the law and technology involved.

## Previous article by Mark Foley

• Mark Foley: Internet law: 12 questions for board oversight of data privacy and security

Mark F. Foley, author of Digital Lex, is a partner with Foley & Lardner LLP, practicing primarily in the general litigation and information technology & outsourcing practices.

This article previously was published in Internet Business Law Services.

The opinions expressed herein or statements made in the above column are solely those of the author, and do not necessarily reflect the views of Wisconsin Technology Network, LLC.

WTN accepts no legal liability or responsibility for any claims made or opinions expressed herein.

Comment Policy: WTN News accepts comments that are on-topic and do not contain advertisements, profanity or personal attacks. Comments represent the views of the individuals who post them and do not necessarily represent the views of WTN Media or our partners, advertisers, or sources.

WTN Media cannot accept liability for the content of comments posted here or verify their accuracy. If you believe this comment section is being abused, contact edit@wistechnology.com.

© 2002-2008 WTN Media. All rights reserved. Server colocation and services provided by SupraNet Communications.

Disclaimer: Wisconsin Technology Network, LLC, and its agents used their best efforts in collecting and preparing the information published herein. However, Wisconsin Technology Network, LLC, does not assume, and hereby disclaims, any and all liability for any loss or damage caused by errors or omissions, whether such errors or omissions resulted from negligence, accident, or other causes.