**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **Equity Analytics, LLC,** ) | |
| **operating as Equity Methods,** ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No.  07-2033 |
| ) | (RCL/JMF) |
| **Timothy D. Lundin,** ) | |
| Defendant. ) | |

**DEFENDANT'S SECOND SUPPLEMENTAL MEMO RESPECTING IMAGING AND FORENSIC EXAMINATION OF DEFENDANT'S FIVE HARD DRIVES**

      Defendant wishes to call the Court's attention to the recent analysis of the Court's opinion in *United States v. O'Keefe*, 2008 WL 449729 (D.D.C. February 2008) authored by Craig Ball of Law Technology News, a copy of which is attached hereto and which can be found online at http://www.lawtechnews.com/r5/showkiosk.asp?listing_id=1964949.

      Respectfully submitted,

      /s/ Robert B. Fitzptatrick
      Robert B. Fitzpatrick
      D.C. Bar No. 040410
      Robert B. Fitzpatrick, PLLC
      Universal Building South
      1825 Connecticut Ave., N.W.
      Suite 640
      Washington, DC 20009
      Telephone: (202) 588-5300
      Fax: (202) 588-5023
      Fitzpatrick.law@verizon.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that: on this 10th day of April, 2008, I electronically filed the foregoing DEFENDANT'S SECOND SUPPLEMENTAL MEMO RESPECTING IMAGING AND FORENSIC EXAMINATION OF DEFENDANT'S FIVE HARD DRIVES, by using the CM/ECF system, which will, in turn, send a notice of electronic filing to the following Counsel of Record for Plaintiff Equity Analytics, LLC:

>
> Robert T. Shaffer, III Esquire
> Bar No. 04074
> Murphy & Shaffer LLC
> 36 S. Charles Street
> Suite 1400
> Baltimore, Maryland 21201
> Phone: 410-783-7000
> Fax: 410-783-8823
> Email: rshaffer@murphyshaffer.com
>
> Joseph J. McAlee, Esq.
> Rubin Fortunato
> MCS Building
> 10 South Leopard Road
> Paoli, Pennsylvania 19301
> Phone: (610) 408-2004
> Fax: (610) 854-4317
> Email: jmcalee@rubinfortunato.com
>
> Attorneys for Plaintiff
>
>                    /s/__Robert B. Fitzpatrick_____
> Bar No. 040410
> Robert B. Fitzpatrick, PLLC
> Universal Building South
> Suite 640
> 1825 Connecticut Avenue, N.W.
> Washington, D.C. 20009-5728
> Phone: 202-588-5300
> Fax: 202-588-5023
> Email: Fitzpatrick.law@verizon.net
> Attorney for Defendant

Case 1:07-cv-02033-RCL    Document 39-2    Filed 04/10/2008    Page 1 of 2

- Law.com Home
- Newswire
- LawJobs
- CLE Center
- LawCatalog
- Our Sites
- Advertise




- SUBSCRIBE TO LTN
- MARKETING PARTNERS
- CONTACT US
- LTN RESOURCE GUIDE
- LTN AWARDS
- LTN EMAIL UPDATES

**SEARCH**
by keyword:

**CURRENT ISSUE**
- Articles & Columns
- ALM Business Intelligence Roster

**The Front Page**

**Software**
- Document Management
- Litigation Support
- Networking & Storage
- Practice Tools
- Other

**Hardware**
- Mobile
- Networking & Storage
- Printers, Copiers & Faxing
- Accessories & Other

**People**

**Vendor News**
- Done Deals
- Partnership & Alliances

**Featured Sponsors**
- Counsel Financial Services
- Plaintiff Support Services
- RenewData
- Westlaw

- LTN Marketplace

**PODCASTS**

**Law Technology Now**
- Exploiting RSS' Potential

**LTN RESOURCE GUIDE**
- Hardware & Software
- Services
- Case Files

**LAW.COM**

**Legal Technology**
- Get legal technology white



HOME > Featured Articles > BALL IN YOUR COURT: The Science of Search

## BALL IN YOUR COURT: The Science of Search
### By Craig Ball

Send this to a colleague

Reprints & Permissions



Federal Magistrate Judge John Facciola is a remarkable fellow. He hails from Brooklyn, wears bow ties, knows the Bruce Springsteen songbook by heart and doesn't hesitate to bring the White House to heel when the administration gets sloppy in its electronic evidence preservation. But his most heretical act may be his observation in *United States v. O'Keefe*, No. 06-249 (D.D.C. Feb. 18, 2008), that keyword search of electronically stored information is a topic "clearly beyond the ken of a layman." By a layman, he means any lawyer or judge who isn't an expert in computer technology, statistics and linguistics.

Facciola adds that, given the complexity of the science of search, "[F]or lawyers and judges to dare opine that a certain search term or terms would be more likely to produce information than [other] terms . . . is truly to go where angels fear to tread."

Heeding the call, the crack team of Forensicallytrained Offerers of Legal Services (FOOLS) at Ball Labs have rushed in to formulate 36 search terms guaranteed to grab the smoking gun in any English- language ESI collection. The 36 terms are the letters of the alphabet and the numbers 0-9.

Ridiculous? Sure! But in a case where I serve as special master for ESI, a party proposed that the letter "S" be used as a search term. In another appointment, the plaintiff wanted to search for the number 64.

These earnest requests came from good lawyers offering credible rationales. They saw only that the term would be found within the evidence they sought, not appreciating that it would also appear in just about everything else, too. In the parlance of information retrieval, the terms scored high on recall but failed miserably in precision.

The parties advocating their use failed to appreciate that keyword search in e-discovery is less a means to find information than it is a method to filter it — and a pretty poor one at that. Keyword search of ESI is a sampling strategy — a way to look at less than everything with some assurance that you're examining the parts most likely to hold responsive data.

The notion that lawyers are unqualified per se to concoct keyword searches is likely to shake some sensibilities. Lawyers believe themselves adept at keyword search in e-discovery because they've mastered keyword search in online legal research. The correlation is superficial at best. Unlike the crazy quilt of ESI, the language of reported cases is precise, consistent and structured. Misspellings are rare. Legal research is Disneyland. E-discovery is Baghdad.

Judge Facciola is right to point to lawyers' misplaced reliance on keyword search and lack of expertise. Search is a science, yet we approach it on faith, gambling that intuition and luck are enough. Still, noting the profession's lack of expertise doesn't address the knottier problem of where to secure the expertise we now must bring to court to establish or challenge the efficacy of search.

The answer isn't to spawn a new breed of selfanointed cyberlinguistics experts for hire. Neither will a wholesale move to concept search tools suffice. Smarter search tools employing algebraic and probabilistic analysis are



papers
- Download free software
- Receive free software update newsletter
- Read latest legal technology news

**Law.com Blog Network**
- The Common Scold
- EDD Update Blog

**RELATED TECHNOLOGY SITES**
- ALM Events

**AMERICAN LAWYER MEDIA SITES**
- The American Lawyer
- Corporate Counsel
- IP Law & Business
- Law Catalog
- Law.com
- Law.com Seminars
- Law.com/TECH
- The National Law Journal
- NLJ Experts
- Verdict Search
- New York
- California
- Pennsylvania
- New Jersey

**ARCHIVED ISSUES**

April 2008

For archives before June 2002, click here.



unquestionably an improvement on the crude tools we employ, but hardly dispense with the need for experts to explain their operation and defend their performance.

The answer is that lawyers need to learn more about the science of search as part of our legal and continuing education. We need to become skilled at tools and methods that help us refine searches and routinely test them against representative data so we can distinguish noisy terms from effective ones and learn to zero in on relevant ESI.

Law schools teach the science and art of legal research when modern methods have all but eliminated the need to navigate the reporter system. Instead, students and lawyers must be afforded the means to master the art and science of digital information. We must dare to tread in these areas, not as fools but as professionals skilled in eliciting, testing and marshaling evidence wherever it may be found.

"The right to practice law is not one of the inherent rights of every citizen . . . [but] is a peculiar privilege granted and continued only to those who demonstrate special fitness in intellectual attainment and in moral character." Matter of Keenan, 314 Mass. 544, 546 (1943). So it has been, and so it must remain as evidence takes new forms, if we are to be afforded that peculiar privilege.

*Craig Ball*, a member of the editorial advisory boards of both LTN and Law.com Legal Technology, is a trial lawyer and computer forensics/EDD special master, based in Austin. E-mail: craig@ball.net.

Law Technology News April 2008



Home | Register | Subscribe | Marketing Partners | Contact Us
Privacy Policy | Terms and Conditions | About ALM
©2008 Law Technology News